### JOHN NOVAK
vs.
### MAUD E. JOYCE NOVAK

Superior Court     New Haven County     File #53646

Present: Hon. ALFRED F. BALDWIN, Judge.

Shannon & Wilder,        Attorneys for the Plaintiff.

Pond, Morgan & Morse,      Attorneys for the Defendant.

**MEMORANDUM FILED FEBRUARY 14, 1938.**

BALDWIN, J. The defendant is a resident of the State of New York. She alleges in this plea that the plaintiff does not now reside in this State, has not continuously resided herein for three years next before October 16th, 1937, the date of the complaint, and was not domiciled in this State at the time of their marriage.

The parties were married October 2nd, 1920 in New York. They resided in White Plains, New York, until in August, 1934.

Plaintiff is employed with McCrory Stores and this employment requires that he spend a large portion of his time in New York City. Upon occasions his employment takes him into several other states.

Because of this employment he has maintained, since December 8th, 1934, a room at the Hotel Duane at 237 Madison Avenue, New York City, as a regular monthly tenant. This monthly tenancy was a more economical arrangement for him than would be a transient arrangement since so much of his working time was in New York.

On August 25th, 1934, he terminated his residence in White Plains and came to his sister's home, which then was in Ansonia in this State, bringing with him his young daughter who remained there for a period of about two weeks.

Upon arrival at his sister's home he arranged to make his home with her and has maintained a room in her home at a weekly rental ever since. To this home he comes upon conclusion of his work nearly every week and there spends the week-ends, as he also does his holidays.

From these facts, and others not necessary here to detail, it is apparent, and I find that on August 25, 1934, plaintiff terminated his residence and domicile in New York intending to establish his residence and domicile here in Connecticut and that he did in fact so establish it and that he since that date has and still does maintain his residence and domicile in this State.

The plea to the jurisdiction is therefore overruled.